IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| CAROLYN E. GRAHAM, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 13-2541-STA-tmp |
|  | ) |  |
| JACOB J. LEW, Secretary of the Treasury, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is the United States Magistrate Judge' Report and Recommendation that Defendant Jacob J. Lew's Motion for Summary Judgment be granted. The Magistrate Judge submitted his Report and Recommendation on July 27, 2015. Objections to the Report and Recommendation were due within fourteen (14) days of the entry of the Report, making the objections due no later than August 10, 2015. Giving Plaintiff the benefit of the additional three days allowed under Rule 6(d), Plaintiff's objections were due at the latest by August 13, 2015. To date Plaintiff has filed no objections to the Magistrate Judge's Report. Having reviewed the Magistrate Judge's Report and Recommendation *de novo* and the entire record of the proceedings, the Court hereby **ADOPTS** the Report. Defendant's Motion for Summary Judgment is **GRANTED**.

The next issue to be addressed is whether Plaintiff should be allowed to appeal this decision *in forma pauperis*. Under 28 U.S.C. § 1915(a)(3), an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. The good faith

standard is an objective one.[1] An appeal is not taken in good faith if the issue presented is frivolous.[2] The same considerations that lead the Court to grant Defendant judgment as a matter of law also compel the conclusion that an appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

The Sixth Circuit Court of Appeals decisions in *McGore v. Wrigglesworth*, 114 F.3d 601, 612–13 (6th Cir. 1997) and *Floyd v. United States Postal Serv.*, 105 F.3d 274, 276 (6th Cir. 1997) apply to any appeal filed by Plaintiff in this case. If Plaintiff files a notice of appeal, she must pay the entire $505 filing fee required by 28 U.S.C. §§ 1913 and 1917. The entire filing fee must be paid within thirty (30) days of the filing of the notice of appeal. By filing a notice of appeal, Plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal. If Plaintiff fails to comply with the above assessment of the appellate filing fee within thirty (30) days[4] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the Court will notify the Sixth Circuit, which will dismiss the appeal. If the appeal is dismissed, it will not be reinstated once the fee is paid.[5]

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: August 19, 2015.

---

[1] *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

[2] *Id.*

[4] The district court may extend this deadline one time by thirty (30) days if the motion to extend is filed before the expiration of the original deadline. *McGore*, 114 F.3d at 610.

[5] *McGore*, 114 F.3d at 610.